LESTER BANNON ET AL., PLAINTIFFS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS.

Submitted February 2, 1931—Decided April 9, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For Lester Bannon et al., *Thomas J. Armstrong.*

For the Public Service Co-ordinated Transport, *William H. Speer.*

PER CURIAM.

The present writ brings up for review a decision of the board of public utility commissioners holding that the operation of a number of private buses on the Montgomery and West Side avenue bus route in Jersey City beyond the junction of Culver and West Side avenues was unlawful. The decision is rested upon two grounds: (1) that there was no operation shown on the extension of the route prior to March 15th, 1921; and (2) there was no municipal consent within the meaning of *Pamph. L.* 1921, *p.* 390.

"To be exempt from such jurisdiction the owners of a jitney bus line must not only operate it over the same route used by them at the time of the enactment of the amendment, but that operation must be carried on 'under and in accordance with the consent of the municipal authorities granted therefor prior to March 15th, 1921.' Assuming for the purpose of the decision that the extension of a route does

not change its inherent characteristics [a proposition which, we think, is at least doubtful], the prosecutors do not come within the protection of the amendment unless they can show that they are running their buses over the extended route, under a consent of the municipal authorities granted prior to the date declared in the statute." *Bechman* v. *Board Public Utility Commissioners, 2 N. J. Mis. R.* 102.

The provisions of *Pamph. L.* 1921, *p.* 390, so far as pertinent, are as follows: "The board shall have general supervision and regulation of, jurisdiction and control over, all public utilities.

"Nothing herein contained shall extend the powers of the board * * * to include any supervision and regulation of, or jurisdiction and control over, the operation of any auto bus, commonly called jitney, over its present route, under and in accordance with the consent of the municipal authorities granted therefor prior to March fifteenth, one thousand nine hundred and twenty-one."

To oust the board of its jurisdiction over buses there must have been municipal consent to operation over an existing route prior to March 15th, 1921. The proofs in this case indicate that there was no such municipal consent and no route such as now claimed existed. A bus starter directed the operation of the buses in question as traffic demanded.

*Pamph. L.* 1926, *p.* 226, does not vary the situation.

The operation of buses in question over the route was disallowed in 1928, and this action was acquiesced in by the prosecutors.

It therefore seems that since the present operators lack the approval of the board, and do not fall within the exception indicated in the statute above cited, that the action of the board was proper, and the rule must be dismissed, with costs.